# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ERICK J. A. H.,** | Civil Action No. 18-2810 (JMV) |
| Petitioner, | |
| v. | **OPINION & ORDER** |
| **CHARLES L. GREEN,** | |
| Respondent. | |

**VAZQUEZ, District Judge.**

This matter, having come before this Court on Petitioner's August 14, 2018 motion seeking reconsideration (at ECF No. 22) of this Court's July 17, 2018 Order (at ECF No. 17) denying Petitioner's June 13, 2018 motion for emergent injunctive relief (at ECF No. 10). By way of his June 13th motion, Petitioner requested that the Court order Petitioner's immediate release from immigration detention or that it schedule a bond hearing before an immigration judge. (ECF No. 10-1 at PageID: 239.) The Court held oral argument on Petitioner's motion on July 17, 2018 (*see* ECF No. 17), and entered the Order denying that request "for the reasons stated on the record" on July 18, 2018. (ECF No. 17.)

In the District of New Jersey, motions for reconsideration can be made pursuant to Local Civil Rule 7.1(i). The rule provides that such motions must be made within fourteen (14) days of the entry of an order. Substantively, a motion for reconsideration is viable due to (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Carmichael v. Everson*, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004) (citations omitted). Relief under this rule is inappropriate when a party merely disagrees with a court's ruling or when

a party simply wishes to re-argue or re-hash its original motion. *Sch. Specialty, Inc. v. Ferrentino*, No. 14-4507, 2015 WL 4602995, *2-3 (D.N.J. July 30, 2015); *see also Florham Park Chevron, Inc. v. Chevron U.S.A.*, 680 F. Supp. 159, 162 (D.N.J. 1988). Moreover, a motion for reconsideration is not an opportunity to raise matters that could have been raised before the original decision was reached. *Bowers v. NCAA*, 130 F. Supp. 2d 610, 613 (D.N.J. 2001). Indeed, the Third Circuit has indicated that "Rule 7.1(i) motions are appropriate '*only* where dispositive factual matters or controlling decisions of law were presented to the court but not considered.'" *Tucker v. I'Jama*, 404 F. App'x 580, 581 n.1 (3d Cir. 2010) (quoting *Khair v. Campbell Soup Co.*, 893 F. Supp. 316, 337 (D.N.J. 1995) (emphasis added). Ultimately, reconsideration is an "extraordinary remedy" that is granted "very sparingly." *Brackett v. Ashcroft*, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (citations omitted).

Petitioner's August 14, 2018 motion for reconsideration is denied. As an initial matter, the motion is untimely because Petitioner did not file the motion within fourteen days of the date on which the Order now being challenged was filed, *i.e.*, July 18, 2018. This fact alone provides a basis for the Court to deny that motion. *See*, *e.g.*, *Tucker*, 404 F. App'x at 581; *Testa v. Hoban*, No. 16-55, 2018 WL 1091290, at *2 (D.N.J. Feb. 28, 2018).

In addition, Petitioner's reconsideration motion fails to provide any substantive basis for relief. Petitioner first argues that reconsideration is appropriate because the Court "misapplie[d] the 'significant likelihood of removal in the reasonably foreseeable future' legal standard [set forth] in *Zadvydas v. Davis*, 533 U.S. 678 (2001)." (ECF No. 22-1 at PageID: 482.) Petitioner further avers that the Court's denial of Petitioner's motion for injunctive relief "is inconsistent with the reasoning against unreasonably prolonged detention . . . in *Diop v. ICE/Homeland Security*, 656 F.3d 221 (3rd Cir. 2001), *Leslie v. Atty Gen.*, 678 F.3d 265 (3rd Cir. 2012), and

2

*Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469 (3rd Cir. 2015)." (ECF No. 22-1 at PageID: 482.) In so doing, Petitioner is simply re-asserting claims and arguments that were already considered and rejected by the Court. To be clear, the Court gave – and continues to give – careful thought and attention to the applicability of each of these decisions to Petitioner's case. The fact that Petitioner disagrees with the Court's findings regarding their import with respect its denial of Petitioner's June 13, 2018 motion for emergent injunctive relief is not a proper basis for the Court to grant his reconsideration motion. *Sch. Specialty, Inc.*, 2015 WL 4602995 at *2-3.

Petitioner also asserts that the Court improperly found that Petitioner's several requests to the immigration court to adjourn his still-pending merits hearing – which is presently scheduled for October 11, 2018 (*see* ECF No. 22-1 at PageID: 485) – were made in bad faith and have delayed resolution of his ongoing immigration proceedings. (*See id.* at PageID: 487-91.) Petitioner inaccurately asserts that during "oral argument[,] the Court opined that the decision to deny the preliminary injunction was because [Petitioner] requested each continuance in his withholding proceeding." (*Id.* at PageID: 488.) To be clear, during argument, the Court repeatedly stated only that it was not making any conclusive determinations on the import of Petitioner's adjournment requests to the resolution of his habeas case. While the Court certainly – and quite justifiably – questioned Petitioner's counsel about the urgency of her client's emergent application in light of the fact that she herself had recently sought and obtained an adjournment of Petitioner's merits hearing to attend a continuing legal education program, the Court disagrees with – and in fact takes exception to – Petitioner's assertions that the Court: (i) denied Petitioner's motion for a preliminary injunction "*because* [Petitioner] requested [continuances]"; and (ii) expressly found that those requests were made in bad faith to delay resolution of his underlying immigration proceedings. The transcript of the Court's July 17, 2018 hearing – if and when it is produced – will speak for

itself. At this juncture, it is sufficient to note that Petitioner's inaccurate claims regarding the alleged "unjustifiable inferences" made by the Court fail to provide a basis for the Court to grant Petitioner's reconsideration motion.

In sum, the Court, having read and considered Petitioner's August 21, 2018 motion for reconsideration, concludes that Petitioner's motion fails to provide a basis for the Court to grant him the "extraordinary remedy" sought therein.

For these reasons, and for good cause shown,

IT IS on this 28th day of September 2018,

ORDERED that Petitioner's motion seeking reconsideration (ECF No. 22) is DENIED.

s/ John Michael Vazquez
John Michael Vazquez, U.S.D.J.